USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 5/13/10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X

BISON CAPITAL CORPORATION,

                                           Plaintiff, :   Civil Action No. 10 CV 714
                                                   :   (SHS) (AJP)

        - against -

ATP OIL & GAS CORPORATION

                                          Defendant. :

------------------------------------------------------------ X

*MEMO ENDORSED* [handwritten annotations: Motion [for leave] is denied. The [Ct] will [disregard] any [new] [arguments/material] [not properly raised]. SO ORDERED. Hon. Andrew Jay Peck, United States Magistrate Judge 5/13/10]

[stamp: BY FAX]

**PLAINTIFF'S MOTION FOR LEAVE TO FILE SUR-REPLY IN FURTHER
OPPOSITION TO DEFENDANT'S MOTION TO DISMISS, OR TO CONVERT
DEFENDANT'S MOTION TO A MOTION FOR SUMMARY JUDGMENT**

Bison Capital Corporation ("Bison") moves this Court for leave to file a sur-reply to address the new argument and new evidence improperly submitted for the first time in the Reply Memorandum filed by ATP Oil & Gas Corporation ("ATP") or, alternatively, to convert ATP's motion into a motion for summary judgment and give the parties a reasonable opportunity to present all the material that is pertinent to the motion. This motion should be granted for the following reasons:

### 1.    ATP's New Evidence, Outside the Pleadings, and Its New Argument

On March 26, 2010, ATP filed a motion to dismiss all of the counts of the First Amended Complaint ("FAC") that concerned transactions that were arranged after April 1, 2005 (Counts III-XIII). ATP did not attach any evidence outside the complaint to its motion. Instead, ATP waited until after Bison had filed its opposition, and then for the first time submitted extrinsic evidence. ATP does not claim that it submitted this new evidence and new argument in response to any new arguments or evidence raised by Bison's opposition, but rather merely because the FAC alleges extrinsic evidence in support of its claims. The new evidence consists of a letter that Bison sent in seeking to settle the dispute over the September 2004 Capital Transaction.

ATP mischaracterizes this letter, claiming that it means that Bison had "recognized [it] could only be entitled to a fee if the particular transaction was consummated prior to April 1, 2005" and that "Bison's president expressly interpreted the contract that he signed to *limit* compensation to transactions that were . . . prior to April 1, 2005."

As a preliminary matter, ATP's statements are simply false. No place in the letter does Bison state that its compensation is "limited" or that it would be entitled to a fee "only" for transactions that were consummated prior to April 1, 2005. The letter merely stated that "since ATP's new financial arrangements were made by CSFB prior to April 1, 2005, Bison is entitled to be paid by ATP the additional 1% fee." That is the same point Bison has made in the FAC. Paragraph 7 of the Bison Contract states that if there is "an agreement or arrangement providing for "*a* Capital Transaction" within twelve months of termination, then Bison becomes entitled its 1% fees as set forth in Paragraph 2 of the Bison Contract, and *not* just to fees for that one transaction. In other words, Paragraph 7 means that if ATP entered into an arrangement providing for *a* single Capital Transaction at any time within 12 months following the termination of the Contract, that would *start* or *trigger* ATP's obligation to pay Bison its 1% fee as set forth in Paragraph 2. FAC ¶ 98-104.

### 2. A Sur-Reply, or Conversion to Summary Judgment, Is Required

More importantly, and as this Court has previously held, it is "manifestly unfair" to allow a new argument after the "opportunity to respond has passed, thereby silencing [one Party] on the issue and depriving the Court of [that Party's] views on the question raised," especially where there was "no reason" for the "manipulative omission of the argument from her first submission." *Playboy Enterprises, Inc. v. Dumas*, 960 F. Supp. 710, 720 n.7 (S.D.N.Y. 1997), *aff'd mem.* 159 F.3d 1347 (2d Cir. 1998); *accord, e.g., Hughes v. JP Morgan Chase & Co.*, No.

01 Civ. 60872004, 2004 WL 1403337, at *3 n.3 (S.D.N.Y. Jun. 22, 2004).¹ Similarly, where "new evidence is presented in a party's reply brief or affidavit . . . the district court should permit the nonmoving party to respond to the new matters prior to disposition of the motion." *Bayway Refining Co. v. Oxygenated Marketing & Trading A.G.*, 215 F.3d 219, 227 (2d Cir. 2000).²

In addition, because ATP submitted this extrinsic evidence in its reply on a motion to dismiss, under Rule 12(d), if it is to be considered, then "the motion must be treated as one for summary judgment under Rule 56" and the "parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). ATP tries to avoid this result by arguing that the October 15, 2004 letter at issue (written more than seven months after the Bison Contract) is "part of the pleadings since it was an integral part of plaintiff's own allegations in its Amended Complaint and plaintiff, its author, certainly had 'possession or knowledge' of the letter." As the Second Circuit has explained, however, "where this exception is recognized, the incorporated material is a contract or other legal document containing obligations upon which the plaintiff's complaint stands or falls." *Global Network Comm., Inc. v. City of NY*, 458 F.3d 150, 155 (2d Cir. 2006).³ Similarly, the two cases ATP cites concern

---

¹ *See also, e.g., Ventre v. Hilton Hotels Corp.*, No. 98 Civ. 5644, 2000 WL 1011050, at *4 (S.D.N.Y. Jul. 20, 2000) ("It is well-settled that arguments raised in reply papers are not a basis for granting relief."); *Nichols v. American Risk Mgmt., Inc.*, No. 89 Civ. 2999, 2000 WL 97282, at * 2 (S.D.N.Y. Jan. 28, 2000) (Peck, M.J.) ("A court need not consider a new argument raised for the first time in a reply brief."); *Bolanos v. Norwegian Cruise Lines Ltd.*, No. 01 Civ. 4182, 2002 WL 1465907, at *4 (S.D.N.Y. Jul. 09, 2002); *Carbonell v. Acrish*, 154 F. Supp. 2d 552, 561 n.10 (S.D.N.Y. 2001) (cases cited therein).

² *See also Black v. TIC Inv. Corp.*, 900 F.2d 112, 116 (7th Cir. 1990) ("Where new evidence is presented in a reply. . . the district court should not consider the new evidence without giving the [opposing party] an opportunity to respond"); *Capanelli v. NYP Holdings, Inc.*, No. 06 Civ. 15397, 2009 WL 249358, at * 4 (S.D.N.Y. Jan. 30, 2009) ("Mr. Capanelli requested the opportunity to submit a sur-reply, which I granted only to allow him to respond to certain evidentiary issues raised in defendants' reply brief."); *Becker v. Ulster County*, 167 F. Supp. 2d 549, 555 n.1 (N.D.N.Y. 2001) (filing of sur-reply is appropriate when "[d]efendants did not raise this contention until their reply").

³ The Second Circuit has also held that, "before materials outside the record may become the basis for a dismissal, several conditions must be met" including that "there exist no material

operative contracts, not correspondence concerning the contract. *See Sel-Leb Marketing, Inc. v. Dial Corp.*, No. 01 CIV. 9250, 2002 WL 1974056, at * 3 (S.D.N.Y. Aug. 27, 2002) (considering a binding contract); *Cortec Industries, Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) (considering a stock purchase agreement and an offering memorandum).

In *Global Network*, the Second Circuit held it would be improper to consider on a motion to dismiss prior sworn testimony from the plaintiff's employees as to the issue in dispute. To do so would "would stretch beyond reason the meaning of integral in this context." 458 F.3d at 155. Here, ATP did not attach a contract, or even any prior sworn testimony, but rather attached a letter that was clearly part of settlement communications[4] and that clearly supports Bison's argument. In considering breach of contract cases, this Court has previously held that it is not permissible on a motion to dismiss to consider correspondence concerning the contract that was not attached to the complaint. *See, e.g., Madu, Edozie & Madu, P.C. v. SocketWorks Ltd. Nigeria*, 265 F.R.D. 106, 124 (S.D.N.Y. 2010). There, this Court ruled that it would be prejudicial to consider that correspondence without granting the opposing party the opportunity to address the correspondence. *Id.*[5]

---

disputed issues of fact regarding the relevance of the document. The present record does not satisfy these conditions." *Faulkner v. Beer*, 463 F.3d 130, 134 (2d Cir. 2006). Here, the letter is not relevant but rather it is only ATP's mischaracterization that needs to be addressed.

[4] *See, e.g., Pierce v. F.R. Tripler & Co.*, 955 F.2d 820, 827 (2d Cir. 1992) ("The party seeking admission of an offer under those circumstances must demonstrate convincingly that the offer was not an attempt to compromise the claim."); *Olin Corp. v. Ins. Co. of N. A.*, 603 F. Supp. 445, 450 (S.D.N.Y. 1985) ("These discussions were more than mere business communications between company officials, as in *Big O Tire Dealers*, and constituted settlement negotiations to avoid the litigation of a potentially costly and complex suit."); *S. Leo Harmonay, Inc. v. Binks Mfg. Co.*, 597 F. Supp. 1014 (S.D.N.Y. 1984) ("the letter was sent in the course of compromise negotiations and thus was inadmissible in subcontractor's action against contractor for delay damages") *aff'd*, 762 F.2d 990.

[5] *See also, e.g. Mortensen v. Home Loan Center, Inc.*, No. CV-08-1669, 2009 WL 113483, at * 4 (D. Ariz. Jan. 16, 2009) ("The Court declines HLC's invitation to consider this extrinsic evidence raised for the first time in a reply memorandum and at the motion to dismiss stage.")

Similarly, here, the Court must either exclude such matters, or convert the motion to one for summary judgment under Rule 56 and give all parties "reasonable opportunity to present all material made pertinent to such a motion by Rule 56." *Medtech Products Inc. v. Ranir, LLC*, 596 F. Supp. 2d 778, 802 (S.D.N.Y. 2008). The obligation to provide a reasonable opportunity to present all material matters is "strictly enforced" and "mandatory", *Global Network Communications*, 458 F.3d at 155, and includes "an opportunity to submit additional affidavits." *Farricker v. Penson Dev't, Inc.*, No. 07 Civ. 11191, 2009 WL 860239, at * 5 (S.D.N.Y. Mar. 31, 2009).

### 4. The Proposed Sur-Reply

If the Court declines to convert the motion to one for summary judgment, then Bison respectfully requests that it be given the opportunity to respond to ATP'S new argument and new evidence through submission of a sur-reply. The sur-reply would provide the Court with evidence that bears on the proper interpretation of the contract. This evidence would include an explanation as to (a) discussions Bison's president Mr. Wells had with ATP's executives concerning drafting the contract to provide for Bison's compensation to continue so long as ATP continued using Bison's financing source, (b) other financial advisory contracts that Mr. Wells has drafted or reviewed, whether or how those other contracts sometimes limited the fees in time, and the crucial difference in the language here where Mr. Wells used different terms in drafting the Bison Contract so that the fees would <u>not</u> be limited in time but instead only limited by ATP's use of Bison's financing source, Credit Suisse, and (c) the discussions Mr. Wells had with ATP in October 2004 and thereafter (including subsequent correspondence on the same issue) concerning ATP's obligation to pay Bison compensation as long as ATP continued using Bison's financing source.

Dated: May 10, 2010
      New York, New York

                Respectfully submitted,

                HUNTON & WILLIAMS LLP

                <u>Jeffrey W. Gutchess</u>
                Jeffrey W. Gutchess
                Marty Steinberg
                Hunton & Williams LLP
                1111 Brickell Avenue
                Miami, Florida, 33139
                (305) 810-2500
                msteinberg@hunton.com
                jgutchess@hunton.com

                *Attorneys for Plaintiff,*
                *Bison Capital Corporation*

# FAX TRANSMITTAL SHEET



## ANDREW J. PECK
## UNITED STATES MAGISTRATE JUDGE
## UNITED STATES DISTRICT COURT
Southern District of New York
United States Courthouse
500 Pearl Street, Room 1370
New York, N.Y. 10007-1312

Fax No.: (212) 805-7933
Telephone No.: (212) 805-0036

Dated: May 13, 2010                     Total Number of Pages: 7

| TO | FAX NUMBER |
| --- | --- |
| Jeffrey W. Gutchess, Esq. | 305-810-2460 |
| Gerald G. Paul, Esq.<br>Lissa C. Gipson, Esq. | 212-964-9200 |
| Edward J. Murphy, Esq.<br>Brit T. Brown, Esq.<br>Benjamin A. Escobar, Jr., Esq. | 713-960-1527 |

# TRANSCRIPTION:

**MEMO ENDORSED 5/13/10**

Motion (Dkt. No. 31) is DENIED. The Court instead will strike and disregard the fn. in ATP's reply brief referring to extrinsic evidence.

Copy to:   Judge Sidney H. Stein