USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#
DATE FILED: 5/21/10

BEIRNE, MAYNARD & PARSONS, L.L.P.
1300 POST OAK BOULEVARD
SUITE 2500
HOUSTON, TEXAS 77056-3000

(713) 623-0887
FAX (713) 960-1527

BENJAMIN A. ESCOBAR, JR.

DIRECT DIAL: (713) 871-6701
EMAIL: BESCOBAR@BMPLLP.COM



**BY FAX**

May 20, 2010

**MEMO ENDORSED** 5/21/10

BY FEDERAL EXPRESS (ORIGINAL)
BY HAND (COPY)
Honorable Andrew J. Peck
United States Magistrate Judge
SOUTHERN DISTRICT OF NEW YORK
500 Pearl Street, Room 1370
New York, New York 10007-1312

Re: *Bison Capital Corporation v. ATP Oil & Gas Corporation*, Case No. 10 CV 0714 (SHS) (AJP); U.S. Southern District of New York

Dear Judge Peck:

We are Houston counsel to ATP Oil & Gas Corporation ("ATP") and represent ATP along with Flemming Zulack Williamson Zauderer LLP in the above case. We request a <u>second</u> pre-motion conference to address the "new" subpoenas *duces tecum* that supposedly replace the ones Your Honor quashed at a May 4, 2010 pre-motion conference. To recap, at the May 4, 2010 conference, the Court concluded that:

> These subpoenas are quashed. You [Bison] are free to serve new and limited subpoenas. If they are overbroad, I am not going to parse them, and the second strike will be the final one so narrow the requests. (Transcript, at 15:17-20.)

Bison Capital Corporation ("Bison"), continuing its fishing expedition, recently served four "new" subpoenas—three returnable May 24, 2010, and one returnable June 1, 2010. The "new" subpoenas continue to seek irrelevant and unnecessary information through overbroad and unduly burdensome requests. Indeed, these subpoenas violate Rule 26(b)(1). Copies of the four "new" subpoenas, along with the transcript of the May 4, 2010 conference, are enclosed.

First, we request that that Court stay the imminent deadlines (May 24, 2010 and June 1, 2010) to object and otherwise respond to the subpoenas until a reasonable time after the second pre-motion conference with the Court. We recently spoke with the non-parties regarding the subpoenas. It is our understanding that these non-parties view the subpoenas as overbroad and unduly burdensome in violation of Rules 26(b)(1) and 45(c), and will likely address the subpoenas by separate letters to the Court.

[Handwritten memo endorsement, partially legible:] Review date of conf adjourned to 6/22/10. But [illegible] objections & responses of [illegible] & non-parties due [illegible] 6/8 at 9:30. ATP's counsel [illegible] to confirm [illegible] w/ non-parties [illegible] [illegible] objections of non-parties any [illegible]. If [illegible] can't [illegible] rule on [illegible] objections [illegible] w/ its non-parties [illegible] and on ATP's objections.

SO ORDERED:
Hon. Andrew Jay Peck
United States Magistrate Judge

[signature]

Second, as Bison has framed its dispute in this action—about the breach of the compensation provision of a "clear and unambiguous" services contract between Bison and ATP—the subpoenas largely seek irrelevant, or at best only marginally relevant, information. For example, all the "new" subpoenas seek materials from an irrelevant time period. Nothing involving ATP and Credit Suisse, Cerberus/Ableco, and/or Alvarez & Marsal before the February 1, 2004 agreement could have been relevant to the purported breach of the compensation provision. Yet Bison continues to seek discovery before 2004 for some requests, and places no time limit at all on others—that is, well beyond the scope of discovery permitted by Rules 26 and 45 of the Federal Rules of Civil Procedure. Furthermore, the information that Bison seeks through the subpoenas would not comprise parol evidence that could be relevant to interpretation of the agreement at issue. Put differently, these documents have no importance and benefit in resolving this straightforward breach of contract claim. *See* Fed. R. Civ. P. 26(b)(2)(C).

Finally, we understood the Court to have provided guidance concerning the "new" subpoenas. As the Court pointed out, it is generally reluctant to allow discovery of information from a non-party when that information can be obtained from a party. Specifically, the Court advised that Bison may issue narrowed non-party subpoenas for documents no longer in ATP's possession and relevant to this case, after ATP produces documents. (Transcript, at 10:11-14.) Without assurance on unavailability of the information from ATP, Bison again ignores the burden of production on the non-parties by serving the "new" subpoenas. This has confirmed Bison's intent—that is, impose an undue burden and expense on non-parties in violation of Rule 45(c) with the goal of disrupting and interfering with ATP's business. This strong-arm discovery tactic should not be permitted as Bison has yet to provide a reasonable explanation for why it needs this information.

The Court further advised that the narrowed subpoenas should be limited to the thirteen transactions that Bison claims are at issue. (Transcript, at 9:5-7.) However, Bison's "new" subpoenas are not so narrow. By way of example only:

    a.    to Credit Suisse: "all documents referring or relating to any or potential financing transaction, arrangement or agreement that was proposed for ATP by any entity other than CS." (Credit Suisse Subpoena, at p. 12, no. 18.)

    b.    to Alvarez & Marsal: "all documents referring or relating to any reports or analysis of independent petroleum engineering firms (including but not limited to Ryder Scott Company, Troy-Ikoda Limited, Collarini Associates, DeGolyer and MacNaughton, and RPS Energy) that ATP made available to A&M." (Alvarez Subpoena, at p. 12, no. 15.)

    c.    to Cerberus/Ableco: "all documents referring or relating to any analysis or assessment Cerberus had concerning the value of any of ATP's property or assets." (Cerberus Subpoena, at p. 13, no. 21.)

Not only do these requests seek documents beyond the thirteen transactions allegedly at issue, but each seeks documents from a time period well before ATP and Bison were ever involved with each other, which are wholly irrelevant to the construction and interpretation of the February 1, 2004 agreement.

Also, the Court advised that the narrowed subpoenas should not seek information concerning the prior financial condition of ATP, as counsel for ATP has conceded that "there is no dispute that ATP needed financing." (Transcript, at 11:8-9). Accordingly, the Court instructed the parties to "[e]nter into an appropriate stipulation[;] [w]ork out the language that [ATP] needed financing." (*Id.*, at 11:11-12; *see also id.* at 14:14-17.) Remarkably, Bison's subpoenas again seek such information. By way of example only:

    a.    to Alvarez & Marsal: "all documents referring or relating to any potential or contingency plan or recommendation for ATP to file for Chapter 11 bankruptcy protection in the first quarter of 2004 or for a 'work-out' or financial restructuring by ATP to be initiated in the first six months of 2004." (Alvarez Subpoena, at p. 10, no. 6.)

    b.    to Cerberus/Ableco: "all documents referring or relating to the notice of default provided by Ableco (Cerberus) by letter dated on or about December 30, 2003 [and January 8, 2004], including subsequent negotiations concerning that notice of default." (Cerberus Subpoena, at pp. 10-11, nos. 7 & 8.)

In sum, we request that the Court schedule a second pre-motion conference with the parties to address Bison's "new" non-party subpoenas, and that the time to object and otherwise respond to the subpoenas be stayed until a reasonable time after the pre-motion conference or the parties (and non-parties) are permitted to file the appropriate discovery motions and objections.

Respectfully,

*Benjamin Escobar*

Benjamin A. Escobar, Jr.
(admitted *pro hac vice*)

| cc: | | |
|---|---|---|
| Gerald G. Paul, Esq., Flemming Zulack Williamson Zauderer LLP<br>Lissa C. Gipson, Esq.<br>*Counsel for ATP Oil & Gas Corporation* | | *Via e-mail* |
| Jeffrey W. Gutchess, Esq., Hunton & Williams<br>*Counsel for Bison Capital Corporation* | | *Via e-mail* |
| Daniel Feigenbaum, Esq., Alvarez & Marsal<br>*Deputy General Counsel - Americas & Asia* | | *Via e-mail* |
| Ari M. Berman, Esq., Vinson & Elkins LLP<br>*Counsel for Credit Suisse* | | *Via e-mail* |
| Sheila A. Sadighi, Esq., Lowenstein Sandler PC<br>*Counsel for Cerberus Capital Management, LP and Ableco Finance LLC* | | *Via e-mail* |

# FAX TRANSMITTAL SHEET



## ANDREW J. PECK
## UNITED STATES MAGISTRATE JUDGE
## UNITED STATES DISTRICT COURT
Southern District of New York
United States Courthouse
500 Pearl Street, Room 1370
New York, N.Y. 10007-1312

Fax No.: (212) 805-7933
Telephone No.: (212) 805-0036

Dated: May 21, 2010

Total Number of Pages: 4

| TO | FAX NUMBER |
|---|---|
| Jeffrey W. Gutchess, Esq. | 305-810-2460 |
| Gerald G. Paul, Esq. Lissa C. Gipson, Esq. | 212-964-9200 |
| Benjamin A. Escobar, Jr., Esq. | 713-960-1527 |

## TRANSCRIPTION:

MEMO ENDORSED 5/21/10

The return date of the subpoenas is adjourned to 6/22/10. The Court will address the subpoenas at the conf. already scheduled for 6/8 at 9:30 AM. ATP's counsel is to advise counsel for the subpoenaed recipients that they should appear at the conf. if they want this Court to rule on their objections to the subpoenas as well as ATP's objections.

Copy to: Judge Sidney H. Stein