USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 6/24/10

# HUNTON & WILLIAMS

HUNTON & WILLIAMS LLP
1111 BRICKELL AVENUE
SUITE 2500
MIAMI, FLORIDA 33131

TEL    305 · 810 · 2500
FAX    305 · 810 · 2460

JEFFREY W. GUTCHESS
DIRECT DIAL: 305 · 810 · 2549
EMAIL: jgutchess@hunton.com

FILE NO: 67783.000003

June 23, 2010

**MEMO ENDORSED** 6/24/10

*[Handwritten notes:]*
1. The issues will be discussed with you at the 7/1 conf — rule on not productions.
2. The Court expects the parties to meet and confer and attempt to resolve discovery disputes before the conference. You seem to be going around in circles.
3. Do NOT send any cross letters/emails — arguments out in your letter. That is an order.

SO ORDERED:
Hon. Andrew Jay Peck
United States Magistrate Judge

*Via Facsimile*

Magistrate Judge Andrew J. Peck
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

RE: *Bison Capital Corporation v. ATP Oil & Gas Corporation*
United States District Court, Southern District of New York
Case No. 10 cv 714 (SHS)(AJP)

**BY FAX**

Dear Judge Peck:

    We represent plaintiff Bison Capital Corporation ("Bison"). During our last conference, we met with counsel for ATP Oil & Gas Corporation ("ATP") for four hours in an attempt to resolve the existing discovery disputes. Thereafter, the parties attempted to reduce the agreement to writing, exchanged several drafts and had a follow up phone conference yesterday afternoon. Despite these efforts, the parties did not reach a final agreement.

    Bison has served a Second Request for Production of Documents, a copy which is attached. Bison's Second Request omits many of the disputed items and represents the bare minimum that Bison needs in discovery (other than documents that ATP already agreed to produce). Accordingly, Bison asks that this Court rule on any remaining objections that ATP has to these requests. We have a status conference currently scheduled for July 1, 2010, but given the discovery cut-off of August 16, 2010, we respectfully request that the Court move up the

# HUNTON&
# WILLIAMS

Magistrate Judge Andrew J. Peck
June 23, 2010
Page 2

status conference to this Friday, June 25, 2010. That way we can obtain the Court's ruling on any objections to the Second Requests and resolve any remaining issues with the third party subpoenas.

Respectfully submitted,

*[signature]*

Jeffrey W. Gutchess

cc: Gerald G. Paul, Esq. *(by email)*
Lissa Gipson, Esq. *(by email)*
Benjamin A. Escobar, Jr., Esq. *(by email)*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
BISON CAPITAL CORPORATION,                          :
                                                    :    Civil Action No. 10 CV 714
                                                    :    (SHS) (AJP)
                        Plaintiff,                  :
                                                    :
        - against -                                 :
                                                    :
ATP OIL & GAS CORPORATION,                          :
                                                    :
                        Defendant.                  :
-------------------------------------------------------------X

## PLAINTIFF'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS

Plaintiff Bison Capital Corporation ("Bison"), pursuant to Fed. R. Civ. P. 34, requests that Defendant ATP Oil & Gas Corporation ("ATP") produce for inspection and reproduction all documents in its possession, custody or control as requested herein at the offices of Hunton & Williams, 1111 Brickell Ave., Suite 2500, Miami, FL 33131, within ten (10) days after date of service.

### DEFINITIONS

1. This request for documents incorporates by reference the Uniform Definitions in Discovery Requests set forth in Rule 26.3 of the Local Rules of the United States District Courts for the Southern District of New York.

2. "ATP," "Defendant," "you," "your," or "yours" refers to Defendant ATP Oil & Gas Corporation as well as any of its present or former directors, officers, board members, shareholders, partners, principals, agents, associates, advisors, attorneys, consultants, auditors, appraisers or other experts, employees, trustees, shareholders, joint venturers, members, representatives, successors in interest, assigns, independent contractors, other persons under its

Civil Action No. 10 CV 714

control and/or anyone acting or purporting to act on its behalf, or on behalf any of the foregoing, either individually or collectively.

3. Credit Suisse a/k/a CS a/k/a Credit Suisse First Boston a/k/a CSFB shall mean Credit Suisse or any of its affiliates, as well as any of its present or former directors, officers, board members, shareholders, partners, principals, agents, associates, advisors, attorneys, consultants, auditors, appraisers or other experts, employees, trustees, shareholders, joint venturers, members, representatives, successors in interest, assigns, independent contractors, other persons under its control and/or anyone acting or purporting to act on its behalf, or on behalf any of the foregoing, either individually or collectively.

4. "Cerberus" shall mean Cerberus Capital Management, LP, Ableco Finance LLC or any of their affiliates, as well as any of their present or former directors, officers, board members, shareholders, partners, principals, agents, associates, advisors, attorneys, consultants, auditors, appraisers or other experts, employees, trustees, shareholders, joint venturers, members, representatives, successors in interest, assigns, independent contractors, other persons under its control and/or anyone acting or purporting to act on its behalf or on behalf any of the foregoing, either individually or collectively.

5. Alvarez & Marsal ("A&M"), refers to Alvarez & Marsal or any of its affiliates, as well as any of its present or former directors, officers, board members, shareholders, partners, principals, agents, associates, advisors, attorneys, consultants, auditors, appraisers or other experts, employees, trustees, shareholders, joint venturers, members, representatives, successors in interest, assigns, independent contractors, other persons under its control and/or anyone acting or purporting to act on its behalf, or on behalf any of the foregoing, either individually or collectively.

HUNTON & WILLIAMS LLP
1111 BRICKELL AVE., SUITE 2500, MIAMI, FL 33131 • TELEPHONE (305)810 2500 • FACSIMILE (305)810 2460

Civil Action No. 10 CV 714

6. The term "Amended Complaint" shall mean the First Amended Complaint, or any subsequent complaint, filed in the United States District Court for the Southern District of New York in Civil Action Number 10 CV 714 (SHS) (AJP) on February 11, 2010.

## INSTRUCTIONS

1. Unless otherwise indicated, the applicable time period is April 1, 2003 through March 31, 2004.

2. If any portion of a Document or tangible thing is responsive to a request, the entire Document or tangible thing shall be produced, redacting only privileged material, if any.

3. You are to produce the original and each non-identical copy of each Document or tangible thing requested herein which is in Your possession, custody or control.

4. Documents produced pursuant to these requests shall be produced in the original files and shall not be shuffled or otherwise rearranged. Documents which were stapled, clipped or otherwise fastened together shall be produced in that form.

5. This request is deemed to be of a continuing nature. If You acquire possession, custody or control, or become aware of any additional Documents responsive to this request after the service of Your response hereto, You shall promptly furnish such additional Documents to the undersigned attorneys for inspection and photocopying.

6. If You claim that the attorney-client privilege or any other privileges may be applicable to any Document or Communication, the production of which is sought by these requests, You shall comply with the requirements of Rule 26.2 of the Local Civil Rules of the United States District Court for the Southern District of New York.

7. All Documents produced shall be organized and labeled to correspond to each request in accordance with Fed. R. Civ. P. 34.

- 3 -

Civil Action No. 10 CV 714

## DOCUMENT REQUESTS

1. All documents concerning possible or actual covenant violations and possible or actual events of default by ATP, including without limitation waivers or amendments to address any such violations and events of default.

2. All documents concerning the termination of ATP's financing relationships with its commercial bank lenders Chase Bank of Texas, United Bank, BNP Paribas, Union Bank of California and Guaranty Bank prior to February 1, 2004, including without limitation reasons for such terminations.

3. All documents concerning ATP's failure to obtain financing from UBS, Lehman Brothers, ING, Bank of America and Citibank, including without limitation reasons for such failures.

4. All documents concerning ATP's decision to obtain financing from Cerberus Capital Management or Ableco Finance.

5. All contracts between ATP and Cerberus Capital Management or Ableco Finance.

6. All contracts between ATP and Alvarez & Marsal ("A&M"), including without limitation engagement agreements, retention agreements, fee or other compensation agreements, and service agreements.

7. Documents sufficient to show the scope of services which A&M provided to ATP.

8. All documents concerning any financial analysis performed by A&M for ATP, including analyses of cash flows, asset values, financing needs, financial restructuring, and "work-out" or reorganization plans or proposals.

9. All drafts of potential Chapter 11 filings for ATP.

- 4 -

Civil Action No. 10 CV 714

10. All drafts of potential financial restructuring or "work-out" plans concerning ATP.

11. All documents relating to any intention, request or threat to resign, quit or leave their existing positions at ATP by Gerald Schlief, Leland Tate or any other ATP officer or director.

13. All documents concerning: (a) any possible "going concern" or other qualification or exception by ATP's auditors KPMG concerning ATP's financial statements for the year ended December 31, 2003, or (b) the termination in April 2004 of the services of KPMG as ATP's independent auditors.

14. All documents, from April 1, 2003 through April 30, 2005, concerning communications with ATP board members (including but not limited to emails, memos, meeting minutes, and notes taken during board meetings) concerning:

(a) the financing provided by, or communications with, Cerberus or Ableco,

(b) possible financial restructurings, reorganizations, "work-outs" or Chapter 11 filings,

(c) ATP's needs, plans or efforts to obtain financing,

(d) the dismissal of KPMG as ATP's independent accountants.

17. All documents from April 1, 2003 through April 30, 2005 concerning ATP's need or desire for financing to fund capital expenditures and/or working capital, to satisfy auditors' concerns, to repay or replace or refinance existing indebtedness, or carry out ATP's business plan or strategy.

18. All documents concerning communications by or on behalf of ATP with any commercial bank, investment bank, hedge fund or other investment fund or other person or entity

- 5 -

Civil Action No. 10 CV 714

concerning ATP's need or desire for financing to fund capital expenditures and/or working capital, to satisfy auditors' concerns, to repay or replace or refinance existing indebtedness, or carry out ATP's business plan or strategy.

19. All documents concerning communications with persons or entities that participated in a potential financing arrangement ("Capital Transaction") for the benefit of ATP from February 1, 2004 through April 30, 2005.

20. All contracts between ATP and CS concerning potential financing arrangements ("Capital Transactions"), including without limitation CS engagement agreements, retention agreements, fee or other compensation agreements, and service agreements from February 1, 2004 through February 2010.

21. All documents concerning compensation paid or payable by ATP to CS concerning any Capital Transaction from February 1, 2004 through February 2010.

22. All documents from the period August 1, 2003 through April 30, 2005 concerning common stock warrants which ATP agreed to grant to Ableco Finance or Cerberus, including without limitation communications concerning reasons for the grant of such warrants, negotiations concerning such warrants, and analyses of the value and potential value of such warrants.

23. All documents from the period August 1, 2003 through April 30, 2005 concerning common stock warrants which ATP considered or discussed granting to other persons or entities which made available or were willing to make available financing to ATP, including without limitation communications concerning reasons for the grant of such warrants, negotiations concerning such warrants, and analyses of the value and potential value of such warrants.

- 6 -

Civil Action No. 10 CV 714

24. All documents concerning any revenue interest, royalty interest or other continuing interest in any ATP oil and gas property that ATP granted to Messrs Bulmahn, Schlief or to any person or entity which provided financing to ATP prior to February 1, 2004.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was served via e-mail and U.S. Mail this 22nd day of June, 2010 upon: *Lissa C. Gipson, Esq.*, Flemming Zulack Williamson Zauderer LLP, One Liberty Plaza, New York, NY 10006-1404 and *Benjamin A. Escobar, Jr., Esq.*, Beirne, Maynard & Parsons, LLP, 1300 Post Oak Blvd., Suite 2200, Houston, TX 77056.

HUNTON & WILLIAMS LLP
*Attorneys for Plaintiff*
1111 Brickell Avenue, Suite 2500
Miami, Florida 33131-1802
Tel: 305 - 810 - 2500
Fax: 305 - 810 - 2460

By: _____
Jeffrey W. Gutchess
jgutchess@hunton.com

-7-

# FAX TRANSMITTAL SHEET



## ANDREW J. PECK
## UNITED STATES MAGISTRATE JUDGE
## UNITED STATES DISTRICT COURT
Southern District of New York
United States Courthouse
500 Pearl Street, Room 1370
New York, N.Y. 10007-1312

Fax No.:        (212) 805-7933
Telephone No.:  (212) 805-0036

**Dated:** June 24, 2010                              **Total Number of Pages:** 10

| TO | FAX NUMBER |
|---|---|
| Jeffrey W. Gutchess, Esq. | 305-810-2460 |
| Gerald G. Paul, Esq. Lissa C. Gipson, Esq. | 212-964-9200 |
| Benjamin A. Escobar, Jr., Esq. | 713-960-1527 |

# TRANSCRIPTION:

**MEMO ENDORSED 6/24/10**

1. The issues will be discussed and ruled upon at the 7/1 conf. – earlier is not productive.
2. The Court expects the parties to meet and confer and negotiate to resolve discovery problems before the conference. You seem to be going around in circles.
3. As to ESI, read my **Gross Construction** decision – cooperate with each other. That is an order.


**Copy to:** Judge Sidney H. Stein