USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/3/12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
:
BISON CAPITAL CORPORATION,                      :
:
                Plaintiff,                             :
:    10 Civ. 714 (SHS)
    -against-                                              :    MEMORANDUM OPINION
:    AND ORDER
ATP OIL & GAS CORPORATION,                       :
:
                Defendant.                             :
:
------------------------------------------------------------------x

SIDNEY H. STEIN, U.S. District Judge.

      This breach of contract action was tried to this Court on January 18-21, 2011. The Court subsequently directed the entry of judgment "in favor of plaintiff and against defendant in the amount of $1,650,000, plus prejudgment interest pursuant to N.Y. C.P.L.R. 5001 . . . ." (Judgment dated March 21, 2011, Dkt. No. 100; Findings of Facts and Conclusions of Law, No. 10 Civ. 714, 2011 WL 8473007 (S.D.N.Y. Mar. 8, 2011), *aff'd*, 2012 WL 1086233 (2d Cir. Apr. 3, 2012).) The parties have now proposed different dates from which prejudgment interest should accrue. For the reasons set forth below, the Court finds that prejudgment interest accrues beginning September 24, 2004 on $350,000 of the judgment amount, and accrues beginning April 14, 2005 on $1,300,000 of the judgment amount.

      N.Y. C.P.L.R. § 5001 provides that "interest shall be recovered upon a sum awarded because of a breach of performance of a contract" and such interest "shall be computed from the earliest ascertainable date the cause of action existed." This provision "entitles a 'prevailing party' to prejudgment interest as a matter of right." *Indu Craft v. Bank of Baroda*, 87 F.3d 614, 617 (2d Cir. 1996) (internal citations omitted).

1

The parties agree that prejudgment interest on the second capital transaction commences on September 24, 2004—the date of the breach—but ATP Oil contends it should stop accruing in November 2004, when ATP Oil offered $350,000 to Bison Capital. To terminate the running of interest from the date of a tender to a person or entity in favor of whom a judgment may be entered, the person or entity against whom the judgment may be taken is obligated to follow the specific procedure set forth in N.Y. C.P.L.R. § 3219. *Boyce v. Soundview Tech. Group, Inc.*, No. 03 Civ. 2159, 2005 U.S. Dist. LEXIS 4100 (S.D.N.Y. Mar. 17, 2005) ("N.Y. C.P.L.R. § 3219 is an exclusive procedure that enables a party to avoid the payment of prejudgment interest only if it tenders a settlement offer with the court.") Specifically, a potential judgment debtor must "deposit with the clerk of court for safekeeping an amount deemed by him to be sufficient to satisfy the claim asserted." N.Y. C.P.L.R. § 3219.

There is no question that ATP Oil did not follow that procedure in this case. No amount was deposited by ATP Oil with the Clerk of Court. In addition, even if the Court recognized a common law tender which could halt the accrual of interest, the sum must actually be physically tendered (i.e., actually produced) to the creditor and the tender must be unconditional. An offer to pay without actually tendering the sum due is inadequate. *See Kochisarli v. Tenoso*, No. 02 Civ. 4320, 2008 U.S. Dist. LEXIS 33892, at *5-9 (S.D.N.Y. 2008); *Jamaica Sav. Bank v. Sutton*, 42 A.D.2d 856, 857 (2d Dep't 1973) ("A valid tender requires not only readiness and ability to perform, but actual production of the thing to be delivered . . . ."). There is no evidence in this record that ATP Oil actually tendered the sum to Bison Capital—rather than simply offering to pay it—or that the tender was unconditional.

ATP Oil contends that prejudgment interest on the third capital transaction should only accrue beginning on the date Bison Capital commenced this lawsuit—January 28, 2010—on the

ground that allowing interest to accrue before the filing of the litigation would "reward" Bison Capital for "delaying" the filing of the complaint. (*See* Letter from David A. Walton to Hon. Sidney H. Stein dated June 15, 2012 at 2-3.) Section 5001 of the N.Y. C.P.L.R. is pellucid that interest is to be computed from "the earliest ascertainable date the cause of action existed . . . ." In breach of contract cases, prejudgment interest "is awarded from the date of the breach . . . ." *Scott v. Harris Interactive*, No. 10 Civ. 5005, 2012 U.S. Dist. LEXIS 36839, at *54-55 (S.D.N.Y. Mar. 19, 2012); *see also Valjean Mfg. v. Michael Werdiger, Inc.*, 05 Civ. 0939, 2007 U.S. App. LEXIS 20475, at *3 (2d Cir. Aug. 27, 2007); *Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Am.*, 727 F. Supp. 2d 256, 295-96 (S.D.N.Y. 2010) (collecting cases). Here, the Court found that ATP Oil breached the contract on September 24, 2004 and April 14, 2005 for the second and third capital transactions, respectively. (*See* Findings of Fact and Conclusions of Law dated March 8, 2011 at 13-14.)

In addition, the U.S. Court of Appeals for the Second Circuit has rejected the argument that a judgment creditor should be estopped from recovering prejudgment interest because the judgment creditor was responsible for delaying the action. *See Spector v. Mermelstein*, 485 F.2d 474, 482-483 (2d Cir. 1973). The panel in *Spector* emphasized that "[section] 5001 is mandatory and we have been referred to no case interpreting it to permit exercise of discretion." *Id.* at 482. The court explained that "[i]n post judgment situations the blame for delay can usually be clearly fixed, e.g., where a judgment creditor refuses tendered sums or the judgment debtor deposits such sums into court. However in prejudgment situations it would place an extremely difficult burden on the parties and on the court to allocate delay as between the plaintiff, the defendant and the court." *Id.* at 483.

3

Accordingly, the Court finds that prejudgment interest shall accrue beginning September 24, 2004 for $350,000 of the judgment amount, and shall accrue beginning April 14, 2005 for $1,300,000 of the judgment amount. The judgment will be amended accordingly.

Dated: New York, New York
       August 3, 2012

SO ORDERED:

Sidney H. Stein, U.S.D.J.